UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Enrique Lopez,

       Plaintiff,

vs.

Vecellio & Grogan, Inc.,

       Defendant.

_____/

## COMPLAINT

Plaintiff, Enrique Lopez ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, Vecellio & Grogan Inc. ("Defendant"), and alleges as follows:

1. There is an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII") to redress injuries resulting from Defendant's unlawful national origin based discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Miami Dade County, Florida.

3. Defendant is a Florida Profit Corporation authorized to conduct business in the State of Florida, where Plaintiff worked for Defendant.

4. Venue is proper in Miami Dade County because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff is an individual from Cuba, and within a class of individuals protected by Title VII.

6. Plaintiff started working at the company in February of 2013 as a welder.

7.  In 2022, Plaintiff was promoted to supervisor of the maintenance department.

8.  The harassment began when the supervisor of the production department, Mr. Steve Harbin, who is American, returned to the company.

9.  A few days after his return, he began to closely monitor the employees under Plaintiff's supervision.

10. Harbin would record them at certain moments to make it appear as if they were slacking off and later report it, blaming me.

11. On several occasions, he yelled at Plaintiff and insulted him in front of his employees, exploiting the fact that Plaintiff does not speak English.

12. Plaintiff complained about this situation to his direct supervisor, maintenance chief Mr. Todd Voytek, with the help of Mr. Manuel Jimenez, who translated for Plaintiff.

13. The three of them had a meeting with Mr. Marbin present to discuss the issue.

14. However, the situation worsened, and the harassment increased. Mr. Harbin even said to Plaintiff once, "Fucking Latino, that's why I want none of you in here."

15. Plaintiff's job was to receive written orders from him listing the defective equipment to fix.

16. Plaintiff barely received any orders, which hindered his ability to do his job.

17. Plaintiff and his employees had to identify and fix defects on their own.

18. When they were unable to detect effects, he would yell at Plaintiff and continue to insult him based on his national origin.

19. Mr. Harbin reported Plaintiff to Mr. Ronnie Vanlandingham, the general manager, and Plaintiff was told to take five days off from work.

20. Upon Plaintiff's return, he met directly with Mr. Vanlandingham and complained about the situation.

21. Mr. Vanlandingham listened to Plaintiff's statement and agreed with him, but two days later, everything continued as usual.

22. On one occasion, Plaintiff was blamed for one of his team members, Mr. Armando Valdez, a Latin worker who had been with the company for over 30 years, for a defect in the equipment.

23. Plaintiff was ordered to fire Mr. Valdez but he refused.

24. Plaintiff was called into the main office, where Mr. Vanlandingham had his discharge letter.

25. Plaintiff was terminated on April 25, 2024, after enduring a long period of discrimination due to his national origin.

26. Plaintiff received a right-to-sue notice from the EEOC within ninety days preceding the filing of this Complaint. As such, all conditions precedent, including the exhaustion of administrative remedies, have been met.

27. Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times he did perform her job at satisfactory or above-satisfactory levels.

### COUNT I
***National Origin Discrimination in Violation of Title VII***

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5 through 27 of this complaint as if set out in full herein.

29. Plaintiff is a member of a protected class under Title VII.

30. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on National

Origin.

31. Such discrimination was based upon the Plaintiff's National Origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was of Philippines national origin.

32. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of National Origin was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**<u>COUNT II</u>**
***RETALIATION IN VIOLATION OF THE TITLE VII***

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 5 through 27 of this Complaint as if set out in full herein.

40. Defendant is an employer as that term is used under the applicable statutes referenced above.

41. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting Plaintiff under the Title VII.

42. The foregoing unlawful actions by Defendant were purposeful.

43. Plaintiff voiced opposition to unlawful employment practices during employment with Defendant and was the victim of retaliation thereafter, as related in part above.

44. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter.  There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

45. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

46. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the Title VII and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the Title VII;

B.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees;

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: June 24,2025                    Respectfully submitted,

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000